**In re Jay Terrell SLATER, Debtor.**

**L. Winston LEE, Trustee, Plaintiff,**

v.

**GREENVILLE LOCAL DEVELOP-MENT CORPORATION, Defendant.**

**Bankruptcy No. 83–01472.
Complaint No. 84–0174.**

United States Bankruptcy Court,
D. South Carolina.

March 29, 1985.

Craig H. Allen, Greenville, S.C., for plaintiff.

Judith S. Burk, Greenville, S.C., for defendant.

## MEMORANDUM AND ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

In this adversary proceeding the trustee seeks to avoid under 11 U.S.C. § 547 an alleged preferential transfer of $10,355.07 made by Jay Terrell Slater (the debtor) to the defendant, Greenville Local Development Corporation. The defendant denies that it received a preferential transfer and argues that the transfer is not avoidable in that it falls within the exceptions of § 547(c)(1), § 547(c)(3), and § 547(c)(5).

### STIPULATED FACTS

The parties stipulated the following:

On October 4, 1983 an order was issued granting Jay Terrell Slater (the debtor) relief under Chapter 7 of the Bankruptcy Code. Prior to the filing of the petition the debtor operated a printing and copying business known as "The Copy Center".

On June 28, 1983 the debtor was awarded a contract with the Greenville County School District and on June 30, 1983 the debtor applied for a $20,000 loan from the defendant for operating capital to perform the contract.

By a letter dated July 13, 1983, the defendant issued its commitment for the loan to the debtor. On July 15, 1983 the debtor executed a promissory note in the amount of $20,000 to the defendant and the defendant paid the debtor the proceeds of the loan. The debtor also executed an agreement, dated July 15, 1983, which provided for the assignment of the proceeds from the debtor's contract with the Greenville County School District (the school district) to the defendant; and a letter was sent to the school district notifying it of the assignment.

On September 6, 1983, upon completion by the debtor of the work under the contract, the school district made payment by a check made out to the debtor and to the defendant, as joint payees, in the amount of $29,927.95. The check was endorsed by both the debtor and the defendant and the full amount was deposited into the defendant's checking account. The defendant deducted the principal and the interest it was owed and issued its check for $9,572.88 and a receipt for payment of $20,355.07, both dated September 6, 1983, to the debtor.

### ISSUES

The issues are: (1) whether the payment of $20,355.07 by the debtor to the defendant creditor within 90 days before the Chapter 7 petition for relief was filed is a preferential transfer within the meaning of § 547; (2) whether the granting of the loan and the repayment of the loan were substantially contemporaneous so as to fall within the exception provided in § 547(c)(1); and (3) whether the assignment of the contract rights was perfected, therefore, not avoidable under § 547(c)(3) and § 547(c)(5).

### DISCUSSION AND CONCLUSION

#### I

█ The payment of $20,355.07 by the debtor to the defendant on September 6, 1983 was a transfer within the meaning of § 547(b). This transfer was made to a creditor of the debtor within the meaning of § 547(b)(1) for or on account of an antecedent debt evidenced by the note dated July 15, 1983.

The debtor was insolvent on September 6, 1983, the date of this transfer, within the meaning of § 547(b)(3) and § 101(26), in that the debts and obligations of the debtor exceeded the fair value of his assets at the time of the transfer. Counsel for the de-

fendant has conceded that the transfer occurred within 90 days before the date of filing the petition for relief under Chapter 7. The defendant received more from this transfer than it would have received if the case had proceeded as a case under Chapter 7 of the Bankruptcy Code and the transfer had not been made. Therefore, it appearing that all of the requirements of § 547(b)[1] have been satisfied, the payment of $20,355.07 by the debtor to the defendant on September 6, 1983 was a preferential transfer.

## II

■ The defendant contends that the transfer was an exception under § 547(c)(1). "This exception is limited to situations where the parties intend the transfer to be a contemporaneous exchange for value *and* the exchange is, in fact, substantially contemporaneous." (Emphasis added). *In re Economy Milling*, 37 B.R. 914, 920 (D.S.C.1983). Inasmuch as the promissory note was given on July 15, 1983 and the payment thereof was made on September 6, 1983, this transaction was not substantially contemporane-

ous. It having been determined that the transaction was not substantially contemporaneous, a determination as to whether the exchange *was intended* to be contemporaneous is moot. Section 547(c)(1) is inapplicable to this transaction.

## III

■ The defendant further argues that the transfer is unavoidable as coming under the exceptions contained in § 547(c)(3)[2] and § 547(c)(5)[3]. Both of these subsections require a perfected security interest. The defendant contends that it had a perfected security interest in the account receivable which the debtor had with the Greenville County School District and that the transfer was made in payment of this receivable; however, no financing statement has been filed by the defendant with the Secretary of State reflecting this assignment as required by section § 36-9-302(1) of the Code of Laws of South Carolina (1976).

The defendant posits that the assignment of the contract rights from the school district is within the exception to the filing requirement provided in § 36-9-302(1)(e).[4]

1. § 547(b), in pertinent part: ... the trustee may avoid any transfer of property of the debtor—(1) to or for the benefit of a creditor; (2) for or on account of an antecedent debt owed by the debtor before such transfer was made; (3) made while the debtor was insolvent; (4) made—(A) on or within 90 days before the date of the filing of the petition; ... and (5) that enables such creditor to receive more than such creditor would receive if—(A) the case were a case under chapter 7 of this title; (B) the transfer had not been made; and (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

2. § 547(c)(3) provides: The trustee may not avoid under this section a transfer—that creates a security interest in property acquired by the debtor—(A) to the extent such security interest secured new value that was—(i) given at or after the signing of a security agreement that contains a description of such property as collateral; (ii) given by or on behalf of the secured party under such agreement; (iii) given to enable the debtor to acquire such property; and (iv) in fact used by the debtor to acquire such property; and (B) that is perfected on or before 10 days after the debtor receives possession of such property.

3. § 547(c)(5) provides: The trustee may not avoid under this section a transfer—that creates a perfected security interest in inventory or a receivable or the proceeds of either, except to the extent that the aggregate of all such transfers to the transferee caused a reduction as of the date of the filing of the petition and to the prejudice of other creditors holding unsecured claims, of any amount by which the debt secured by such security interest exceeded the value of all security interests for such debt on the later of—(A)(i) with respect to a transfer to which subsection (b)(4)(A) of this section applies, 90 days before the date of the filing of the petition; or (ii) with respect to a transfer to which subsection (b)(4)(B) of this section applies, one year before the date of the filing of the petition; or (B) the date on which new value was first given under the security agreement creating such security interest.

4. § 36-9-302: (1) A financing statement must be filed to perfect all security interest except the following. ... (e) an assignment of accounts or contract rights which does not alone or in conjunction with other assignments to the same assignee transfer a significant part of the outstanding accounts or contract rights of the assignor.

However, because the debtor's account receivable, assigned to the defendant, constituted most of the debtor's outstanding accounts receivable, the assignment transferred "a significant part of the outstanding ... contract rights" of the debtor so as to take it out of the exception to the filing requirement found in § 36–9–302(1)(e). Thus, the defendant's security interest in the assignment of contract rights was unperfected at the time of the transfer.

Accordingly, the transfer does not fall within the exceptions set forth in § 547(c)(3) and § 547(c)(5).

## ORDER

It is, therefore, ORDERED, ADJUDGED AND DECREED:

1. The payment of $20,355.07 by the debtor to the defendant on September 6, 1983 was a preferential transfer within the meaning of § 547;

2. The transfer was not a substantially contemporaneous exchange; therefore, the transfer does not fall within the exception set forth in § 547(c)(1);

3. The defendant's security interest in the assignment of the account receivable of the debtor from the school district was unperfected; therefore, the transfer does not fall within the exceptions set forth in § 547(c)(3) and § 547(c)(5);

4. The transfer is void; and

5. L. Winston Lee, as trustee for the estate of Jay Terrell Slater, debtor, is hereby granted judgment against the defendant, Greenville Local Development Corporation, for the sum of $20,355.07.